Jones, J.
The tax levies sought to be made were for the purpose of paying bonds for road improvements constructed under Section 6926 et seq. General Code. It is conceded that the total aggregate levies for all purposes, including the 2.30 mills for the special stone road improvement fund, amounted to the sum of 18.60 mills.
*113 For the purpose of this case it is not necessary to decide whether these levies are subject to any other limitation than the 15-mill limitation of the Smith one per cent. law. Prior .to the enactment and amendment of recent tax laws, especially that one commonly known as the Smith one per cent, law, levies of this character were permitted to be made “in addition to all other levies authorized by law, notwithstanding any limitation upon the aggregate amount of such levies now [then] in force.” (94 Ohio Laws, 98-99, Sections 5 and 6). This provision of the law became Section 6945, General Code.
Undoubtedly the legislative policy with reference to road improvement, and the payment therefor by the issuance of bonds and the levy of taxes, assumed an important change in later efforts to provide limitation upon the amount of such levies. By its act of April 8, 1913 (103 O. L., 198), amending Section 6945, General Code, the legislature provided that such levies should “be in addition to all other levies authorized by law for township purposes, but subject to the maximum limitation upon the aggregate amount of all levies now in force” Section 6950 as amended by the same act provides that the levy for the payment of principal and interest of bonds issued for road improvement might be “in addition to any levy now authorised by law, but subject to the aggregate limitations provided by law ” In the year 1913 the same general assembly reenacted the road-law sections above referred to and also amended the Smith one per cent, law in *114 important particulars, by providing explicitly that the combined maximum rate for all taxes in certain taxing districts, including taxes for sinking fund and interest purposes, should not exceed 15 mills. This law, enacted in 103 Ohio Laws, 57, now comprises Section 5649-5b, General Code, and is as follows:
“If a majority of the electors voting thereon at such election vote in favor thereof, it shall be lawful to levy taxes within such taxing district at a rate not to exceed such increased rate for and during the period provided for in such resolution, but in no case shall the combined maximum rate for all taxes levied in any year in any county, city, village, school district, or other taxing district, under the provisions of this and the two preceding sections and sections 5649-1, 5649-2 and 5649-3 of the General Code as herein enacted, exceed fifteen mills.”
Section 5649-1, referred to in the act, then provided that “In any taxing district the taxing authorities shall levy a tax sufficient for sinking fund and interest purposes.” The only amendment in the act (103 O. L., 57) that changes its former reading is the inclusion of Section 5649-1, and evinced the purpose of the legislature of providing that, while certain taxes for sinking fund and interest might be imposed under Section 5649-2 in addition to the taxes there provided for, the combined maximum rate for such purposes should not exceed the 15-mill aggregate.
•' Indisputably it is within the function of the legislative power of-the state to curb and control its local governmental agencies in the matter of taxation,
*115 and it has been held that the foregoing provisions of the Smith law “limit the rate of taxes that can be levied in any taxing district for any and all purposes.” (Rabe v. Board of Education, 88 Ohio St., 403.) The provision of the section quoted is so plain and unambiguous that it is impossible to escape its effect. Since the passage of the legislation just referred to, still further evincing its purpose to circumscribe the power of taxation for sinking fund and interest purposes, the legislature amended Section 5649-1 (104 O. L., 12) by providing that “In any taxing district, the taxing authority shall, within the limitations now prescribed by law, levy a tax sufficient to provide for sinking fund and interest purposes for bonds issued,” etc.
Section 5649-2, General Code, in addition to the 10-mill exterior limitation there imposed, provides for certain levies additional for sinking fund and interest purposes, but this provision is of course* further limited by the express provision of Section 5649-5b, to the effect that the maximum rate for all combined purposes shall not exceed 15 mills.
Apparently conceding the legal phase of the question heretofore considered, counsel for the relator insists, however, that the 2.30 mills levied by the county commissioners is not a tax but an assessment, and that this road levy is especially exempted from the 15-mill limitation, under the provisions of Section 5649-3a, General Code.
Section 6928, General Code, provides that a portion of the cost and expense of the road improvement shall be paid out of the proceeds of levies upon the grand duplicate of the county against taxable *116 property of the township, the balance of the cost and expense to be assessed upon and collected from the owners of the real estate, and from the real estate benefited by the improvement, in proportion to the benefit.
By the language of the statute it will be seen that the latter' is not only an assessment in expressed terms, but is so in fact, and based upon proportional benefits to the real estate, while the former, the levy upon the grand duplicate of the county upon the taxable property of the township, is made irrespective of whether benefit accrues or not, and is upon the entire property of the township, both real and personal. The distinction between the two is well stated in the first proposition of the syllabus in Lima v. Cemetery Association, 42 Ohio St., 128, which is as follows:
“In a general sense, a tax is an assessment, and an assessment is a tax; but there is a well-recognized distinction between them, an assessment being confined to local impositions upon property for the payment of the cost of public improvements in its immediate vicinity, and levied with reference to special benefits to the property assessed.”
It is further contended, however, that this levy for the stone road improvements is exclusive of limitations under the provisions of the latter portion of Section 5649-3a, General Code, which proAddes that the interior limitations there imposed shall be exclusive of “levies and assessments in Special districts created for road” improvements. It is sufficient to say that a township is a political subdivision and is not a special district within the *117 meaning of that section. At the time of the enactment of this section there were code provisions relating to the creation of special road districts., such as the one-mile turnpike or the two-mile turnpike law, and it is very evident that the section can refer only to assessments in special districts which are excluded from the operation of the tax-limitation laws and from . control of the budget commissioners, and where the entire district in which the assessment is made receives some proportional benefit.
The demurrer to the petition is sustained and the writ denied.

Writ denied.

Nichols, C. J., Newman, Matthias .and Johnson, JJ., concur.